## Elliott *v.* Illinois Central Railroad Company.

[71 South. 741.]

Master and Servant. *Injuries to servant. Fellow servant rule.*

Under the federal employers' liability act (Act Cong. April 22, 1908, ch. 149, 35 Stat. 65, U. S. Comp. Stat. 1913, section 8658), declaring that a railroad company shall be liable for injury or death resulting in whole or in part from the negligence of the officers, agents or employees of such carrier, the fellow servant rule is abrogated, notwithstanding the defense of the assumption of risks is preserved; the two defenses being entirely different.

Appeal from the circuit court of Tishomingo county. Hon. W. G. Kier, Special Judge.

Suit by Oscar Elliott against the Illinois Central Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*T. A. Clark* and *W. L. Elledge,* for appellant.

We contend that as a matter of fact the injury was occasioned by the negligence of a fellow servant: Appellee contends that the injury was accident or occasioned by ordinary hazards incident to his employment and the risk assumed. If the fact should be ascertained to be as contended for by appellee we say that the law argued in appellee's brief is correct and that nothing in our brief denies such to be correct; on the other hand if the facts should be ascertained to be as contended for by appellant we say the law argued in appellant's brief is correct and that nothing in appellee's brief denies such to be correct.

The jury should have this question of fact along with other disputed questions of fact under proper instructions, excepting only in the instance that as a matter of

law the court should say the conduct of the fellow servant does not constitute negligence and as to that matter we believe in our original brief we show that it does. If, granting the truth of plaintiff's case, the court should say that Robinson's conduct was not negligence, then we agree the case should be affirmed. If Robinson's conduct was negligent, the case should be reversed.

In our original brief we cited the case of *Missouri O. & G. R. R.* v. *Boring*, 166 S. W. 76 (Texas), as being a case directly in point as to questions of fact, defenses and laws applicable. We quote from that case:

"TALBOT, J.—This is an action to recover damages for personal injuries sustained by the appellee through the negligence of appellant's section foreman, Riddle, while appellee, employed as a section hand, and the said Riddle were attempting to remove from appellant's 'Railroad track a hand car used by them in connection with their work.' Appellee alleged, as grounds of negligence (1) That in order to remove the hand car from the track, "The plaintiff, the said section foreman and another laborer took hold thereof with their hands and as they raised or lifted said car from the rails, said section foreman pushed and shoved said car against and upon plaintiff in such a manner as to place the great weight of the car upon him and at the same time then and there dropped the end of the car which he was then lifting, thereby causing the great weight of the car to fall upon and against plaintiff dragging and pulling him down.''

There was also a second count alleging negligence in failure to furnish a sufficient force of men to handle the car, but this latter count was disregarded in instructing the jury and the case was decided on the first count of negligence of a fellow servant.

On page 78, vol. 166, S. W. Rep., the court say: "As has been seen, the plaintiff based his right of recovery upon two separate grounds of negligence, first the neg-

ligence of appellant's section foreman under whom he was working in shoving against him the hand car they were attempting to remove from the railroad track and then dropping the end of the car in such a manner as to place or throw the great weight of the car upon plain tiff; second in negligently failing to furnish a sufficient number of men to handle the car with safety. There was ample evidence to establish the first ground of negligence alleged and this being true the peremptory instruction requested by defendant was properly refused, even though plaintiff might have been precluded from a recovery upon the second ground of negligence alleged by the doctrine of assumed risk.''

Thus the Texas court holds that in a case of this character the doctrine of assumed risk does not apply.

*Mayes, Wells, May & Sanders*, for appellee.

At the close of all the testimony in the case, a motion was made by the defendant to give an intruction directing the jury to bring in a verdict for the defendant, which motion was sustained, and, thereupon, the jury rendered a verdict in favor of the defendant, and a judgment in the lower court was entered accordingly.

In his brief in this case, counsel for appellant seems to have made an elaborate effort to show this court that the supreme court of the United States did not mean what was said by that court in the case of *Seaboard Air Line Railway* v. *Jas. T. Horton*, 58 U. S. (L. Ed.), 1062, and subsequent decisions of the same court, as to the application of the legal doctrine of assumed risk in cases controlled by the Federal Employer's Liability Act. In that case the court said:

''But it is settled that since Congress, by Act of 1908, took possession of the field of the employer's liability in interstate transportation by rail, all state laws upon the subject are superseded.''

After referring to section 1 of the Employer's Liability act, the supreme court of the United States in

the Seaboard Air Line Railway case uses the following language: "The clause has two branches; the one covering the negligence of the officers, agents or employees of the carrier, which has the effect of abolishing in this class of cases the common-law rule that exempted the employer from responsibility for the negligence of a fellow servant of the plaintiff; and the other relating to defects and insufficiencies in the cars, engines, appliances, etc. But, plainly, with respect to the latter as well as to the former ground of liability, it was the intention of Congress to base the action upon negligence only, and to exclude the responsibility of the carrier to its employees for defects and insufficiencies not attributable to negligence. . . . The plain effect of these words is to condition the liability upon negligence; and had there been doubt before as to the common-law rule, certainly the act now limits the responsibility of the company as indicated."

Further in said opinion the court uses the following language: "It seems to us that paragraph four in eliminating the defense of assumption of risk in the cases indicated, quite plainly evidences the legislative intent that in all other cases such assumption of risk shall have its former effect as a complete bar to the action. And taking paragraphs three and four together there is no doubt that Congress recognized the distinction between contributory negligence and assumption of risk; for, while it is declared that neither of these shall avail the carrier in cases where the violation of a statute has contributed to the injury or death of the employee, there is, with respect to cases not in this category, a limitation upon the effect that is to be given to contributory negligence, while no corresponding limitation is imposed upon the defense of assumption of risk."

Further commenting upon the defense of assumption of risk, the court says: "Contributory negligence involves the notion of some fault or breach of duty on the part of the employee; and since it is ordinarily his duty

to take some precaution for his own safety when engaged in a hazardous occupation, contributory negligence is sometimes defined as a failure to use such care for his own safety, as ordinarily prudent employees in similar circumstances would use. On the other hand, the assumption of risk even though the risk be obvious, may be free from any suggestion of fault or negligence on the part of the employee. The risk may be present, notwithstanding the exercise of all reasonable care on his part. Some employments are necessarily fraught with danger to the workman; danger that must be and is confronted in the line of his duty. Such dangers as are normally and necessarily incident to the occupation are presumably taken into the account in fixing the rate of wages. And a workman of mature years is taken to assume risks of this sort, whether he is actually aware of them or not.''

In the later case of *Southern Railway Company* v. *B. E. Crockett,* 58 U. S. (L. Ed.), 1564, the court uses the following language:

''Upon the merits, we, of course, sustain the contention that by the Employer's Liability Act the defense of assumption of risk remains as at common law, saving in the cases mentioned in paragraph four; that is to say, 'any case where the violation by such common carrier of any statutes enacted for the safety of employees, contributed to the injury or death of such employee.' '' Citing *Seaboard Air Line Ry. Co.* v. *Horton,* 233 U. S. 492.

It will thus be seen that the supreme court of the United States has consistently held and maintained and adjudicated that in cases which are controlled by the Federal Employer's Liability Act, the defense of assumed risk in all of its force, as declared by the common law, applies save only in those cases where the violation of a Federal statute, enacted for the safety of the employees, contributed to the injury or death of the employee.

In the instant case there was no claim in the court below, nor any evidence upon which to base a claim, that the alleged injury to the plaintiff was caused by, or contributed to, by any violation of any statute, either Federal or state.

When we come to examine the doctrine of assumed risk under the common law, we find that the servant assumes the risk of inevitable or inscrutable accidents. 4 Thompson on Negligence, par. 4632; *Ferguson* v. *Phoenix Cotton Mills,* 61 S. W. 53.

Where there is no danger, or if there is some danger which is obvious, the servant will be taken to have assumed the risk, and the master is not liable for the resulting injury. *Truly* v. *North Lumber Co.,* 83 Miss. 430; *Welch* v. *Railway Co.,* 70 Miss. 20. Where an expected injury results from an act, it must be treated as an accident, unless the negligence of the person causing the injury was the proximate cause of the injury, and where the servant, from the nature of his employment, has a better knowledge, or equal knowledge with the master or his fellow servants, he cannot recover for the injuries received by him. 20 Am. & Eng. Ency. (2 Ed.), 131.

Where an employee is engaged in work that exposes him to danger, he must exercise his faculties of sight and hearing, and his employer is not liable for injuries resulting from his failure so to do. 20 Am. & Eng. Ency. (2d Ed.), 144-148.

All men are subject to some chances of hurt in every occupation in which they may be engaged, but compensation can only be had where the injury is because of some breach of duty.

POTTER, J., delivered the opinion of the court.

The appellant in this suit, plaintiff in the trial court, filed his declaration in the circuit court of Tishomingo county against the appellee, charging that the defendant

railroad company, while engaged in interstate commerce, injured him, and sought damages in the sum of fifteen thousand dollars. The declaration sets out that, while the defendant company was engaged in both inter and intrastate commerce, the plaintiff was employed by it as a section hand, and it was his duty to assist in the upkeep and repair of defendant company's tracks. In his employment it was necessary for him to assist in running a certain hand car used in and about his aforesaid employment to transport hands, tools, and materials for the work in which he was engaged, and from time to time to help remove the said hand car from the track of defendant company so as not to obstruct same. And that on or about the 24th day of May, 1912, plaintiff and other servants of the defendant company, while engaged about their usual duties, and as a part of said duties, and with the help of the section foreman, one W. A. Robinson, were removing said hand car from said track of defendant, to the west side thereof, and that while he was on the west side of the hand car and the ground on which plaintiff was working was slanting west, the said foreman "suddenly and without notice or warning to the plaintiff, willfully, wantonly, and recklessly," etc., negligently threw the weight of said hand car against plaintiff, badly injuring him. To this declaration the defendant filed the plea of the general issue. And in support of his declaration, the plaintiff introduced evidence that, if believed by the jury, would establish the facts therein set out. At the close of the testimony, the defendant moved the court to grant it a peremptory instruction, and the motion was sustained. From this action of the court the defendant appeals to this court.

The railroad company defended this action upon the ground that, under the plaintiff's own theory of the case, he had assumed the risk complained of, and was therefore not entitled to recovery. But under the plaintiff's version of this case, his injury was caused, not

through any risk assumed by him, but through the negligence of one of his fellow servants; and although it may be true that the doctrine of fellow servant and the doctrine of assumption of risk originally grew out of the same principle—that of an implied contract on the part of the employee to assume the risks incident to the negligence of his fellow servant or to assume the risks incident to his employment and known to him—nevertheless at this time each of these doctrines are well established in the jurisprudence of this country, and each is as distinct from the other now as if their origin were entirely different. In the case of *Seaboard Air Line Ry. Co.* v. *Horton,* 233 U. S. 501, 34 Sup. Ct. 635, 58 L. Ed. 1069, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, relied on by appellee, this distinction is recognized in the following paragraph quoted therefrom:

"This clause has two branches; the one covering the negligence of any of the officers, agents, or employees of the carrier, which has the effect of abolishing in this class of cases the common-law rule that exempted the employer from responsibility for the negligence of a fellow employee of the plaintiff, and the other relating to defects and insufficiencies in the cars, engines, appliances," etc.

In so many words the statute has declared that a railroad company is liable—

"for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 35 U. S. Statutes at Large, par. 2, p. 65 (U. S. Comp. St. 1913, section 8658).

The decision relied upon states affirmatively that this clause has the effect of abolishing in this class of cases the common-law rule that exempts the employer from responsibility for the negligence of a fellow servant of the plaintiff.

It is not controverted that the plaintiff was employed by a common carrier by railway, then engaged in interstate commerce, and, according to the evidence adduced

111 Miss.—28

by him, while so engaged he was injured by the negligence of a fellow servant. The court erred in granting the defendant the peremptory instruction requested.

This cause is therefore reversed and remanded.

. *Reversed and remanded.*